NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50427 |
| Plaintiff - Appellee, | D.C. No. 3:03-cr-00850-W-15 |
| v. | |
| KENNETH WAYNE MOORE, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted February 10, 2010 [**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL, [***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

Kennth Moore appeals his jury conviction and sentence for conspiracy, wire fraud, and money laundering. We have jurisdiction over Moore's appeal of the jury verdict under 28 U.S.C. § 1291 and over Moore's appeal of his sentence under 18 U.S.C. § 3742(a).

Moore did not move for judgment of acquittal, so the sufficiency of the evidence to support his conviction is reviewed for plain error. *United States v. DeGeorge*, 380 F.3d 1203, 1216–17 (9th Cir. 2004). Moore's sole argument regarding sufficiency of the evidence is that the government failed to prove that he had the specific intent to defraud, and therefore the jury could not convict him.

There was ample evidence. For example, after Harrell's scheme bankrupted Moore's own construction company, Moore went to work for Harrell and was paid more than $16,000 per month in cash and other benefits to recruit other victims. Moore told victims that there was no risk in investing in the scheme, that no one had ever lost money on the deal, and that he was very happy with the results of his own investment, all of which he knew to be untrue. He was caught on tape approving Harrell's plan to create shell companies to avoid liability for money laundering and securities violations. Viewing this and the other incriminating evidence in the light most favorable to the government, a rational juror could conclude that Moore participated in the scheme knowing of its fraudulent character

2

and intending to deprive others of their money or property. *See Carpenter v. United States*, 484 U.S. 19, 27 (1987) ("Sections 1341 and 1343 reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.").

Moore next contends that his Sixth Amendment right to confront the witnesses against him was violated. The district court admitted into evidence audio recordings made by a government informant, Bob Smith, on which coconspirator Harrell made incriminating statements. Moore argues that Smith's and Harrell's statements were testimonial hearsay under *Crawford v. Washington*, 541 U.S. 36 (2004). Harrell's statements were admissible as statements of a coconspirator. *United States v. Bridgeforth*, 441 F.3d 864, 869 n.1 (9th Cir. 2006) ("[C]o-conspirator statements are not testimonial."). Smith's statements were used solely to provide context for Harrell's statements about the logistics of the operation, so they are not hearsay and do not run afoul of the Confrontation Clause under *Crawford*, 541 U.S. at 59 n.9 ("The [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."). *See also United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir. 1985) (concluding that an informant's statements were admissible as non-hearsay to place a conspirator's statements in context).

The district court did not err in admitting Moore's tax returns for years besides 2001, the only year the government charged Moore with tax evasion. The other years' returns were relevant to rebut the argument that Moore's failure to report income in 2001 was accidental or due to his tax preparer's error. *United States v. Snow*, 529 F.2d 224, 226 (9th Cir. 1976) (holding that prior failures to file returns are admissible to show willfulness in a tax fraud case). Furthermore, Moore did not argue below, as he does now, that the returns for the other years were inadmissible under Rules 403 or 404(b). There was no plain error.

The sentence imposed by the district court was not substantively unreasonable. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Moore was a major participant in a fraud that bilked investors of tens of millions of dollars. The district judge did not ignore Moore's personal history and characteristics in deciding upon his sentence. 18 U.S.C. § 3553(a)(1). To the contrary, he specifically considered them in imposing a below-Guideline sentence. Nor did the sentence imposed by the district court create unwarranted disparities between Moore and his codefendants. 18 U.S.C. § 3553(a)(6). Other defendants who had helped to recruit new victims with promises of a risk-free, high-return investment, as Moore had, received similar sentences.

AFFIRMED.

4