OPINION OF THE COURT
Jacqueline B. Deane, J.
In this child protective proceeding, the respondent Mr. V. is alleged to have physically abused the non-respondent mother on multiple occasions in the presence of her two-year-old child. In a notice of motion dated February 26, 2015, the Administration for Children’s Services (ACS) has moved in this court to allow out-of-court statements made by the non-respondent mother to law enforcement, preventive service workers and ACS personnel to be admitted into evidence at the fact-finding hearing in this case. ACS makes this request based on allegations in their motion and an attached affidavit from the child protective specialist that the non-respondent mother is no longer willing to testify in this matter due to threats she has received from the respondent and his family members to harm her and her children. As a result, according to the petitioner’s motion, the non-respondent mother has made statements to ACS caseworkers and others on or about September 8, 2014 (the day before the underlying petition was filed) that she is in fear for her safety and that of her children if she were to be called as a witness. Since the non-respondent mother’s testimony is critical to ACS’s case against the respondent, the petitioner will unlikely be able to proceed in this matter without the non-respondent mother’s out-of-court statements being admitted.
As authority for its request, petitioner cited the Sirois line of cases in the criminal context, where courts have allowed out-of-court statements of a witness that would otherwise be hearsay to come into evidence at trial after a pretrial “Sirois” hearing on whether the defendant’s misconduct was responsible for the witness’s unavailability. (See People v Sirois, 92 AD2d 618 [2d Dept 1983]; Matter of Holtzman v Hellenbrand, 92 AD2d 405, 415 [2d Dept 1983].)
Counsel for the respondent served an affirmation in opposition to the Commissioner’s notice of motion on March 9, 2015, *412 opposing both the request for the admission of the statements and the holding of a pretrial “Sirois”-type hearing. On March 11, 2015, the Attorney for the Child submitted an affirmation in support of the Commissioner’s notice of motion and counsel for ACS submitted a reply affirmation, and the court held oral argument with all counsel present that same date. The court then reserved decision on the motion.
The rationale behind the Sirois doctrine in criminal court is equally applicable in Family Court article 10 proceedings, namely, that “the law will not allow a person to take advantage of his own wrong.” (People v Geraci, 85 NY2d 359, 366 [1995] [internal quotation marks omitted], quoting United States v Mastrangelo, 693 F2d 269, 272 [1982], and Diaz v United States, 223 US 442, 458 [1912].) “[T]he rule is invoked to [protect] the integrity of the adversary process by deterring litigants from acting on strong incentives to prevent the testimony of an adverse witness.” (Id., quoting Steele v Taylor, 684 F2d 1193, 1202, cert denied 460 US 1053 [1983].) If a court finds that the defendant has procured a witness’s unavailability by his or her own wrongdoing, the defendant then forfeits any constitutional or evidentiary right to exclusion of out-of-court statements. (See People v Geraci at 366.) The use of the Sirois doctrine has been upheld in criminal proceedings despite the significant Confrontation Clause rights that apply. (See e.g. People v Smart, 23 NY3d 213, 214-215 [2014]; People v Cotto, 92 NY2d 68, 75-76 [1998].) While due process protections are in place for respondents in Family Court child protective proceedings, the right of confrontation is not constitutionally mandated in these and other civil proceedings. (See Matter of Nicole V., 71 NY2d 112, 117-118 [1987]; People v Geraci at 367.) In article 10 specifically, there are a number of evidentiary provisions, such as Family Court Act § 1046 (a) (vi) allowing the admission of the out-of-court statements of children, that demonstrate the legislature’s intention to balance the parent’s right to due process with the statutory purpose of “protect [ing] children from injury or mistreatment and . . . help [ing to] safeguard their physical, mental, and emotional well-being.” (Family Ct Act § 1011.) Finally, the Sirois analysis has been applied both to sworn testimony and to unsworn out-of-court statements like those the petitioner seeks to introduce in this case. (People v Cotto at 76-77.)
The standard for the granting of a Sirois hearing is where “the People allege specific facts which demonstrate a ‘distinct *413 possibility’ that a criminal defendant’s misconduct has induced a witness’ unlawful refusal to testify at trial or has caused the witness’ disappearance or demise, the People shall be given the opportunity to prove that misconduct at an evidentiary hearing.” (Matter of Holtzman v Hellenbrand at 415 [citation omitted], quoting United States v Mastrangelo at 952; see also People v Cotto at 72.)
The court finds that the petitioner ACS has satisfied this threshold standard in recounting the alleged threats by the respondent and his family members and the violations of the orders of protection that are set forth in its motion papers. The request for a pretrial hearing on the issue of the admissibility of the non-respondent mother’s out-of-court statements at the fact-finding hearing is therefore granted.
The hearing will address the following issues: (1) whether the non-respondent mother is “unavailable” for purposes of a Sirois-type analysis; (2) whether the non-respondent mother’s unavailability was procured by the misconduct of the respondent; and, alternatively, (3) whether any of the out-of-court statements satisfy the requirements for admission through the “excited utterance” hearsay exception. The burden of proof at this hearing will be on the petitioner to establish either or both exceptions by a fair preponderance of the evidence, as that is the standard of proof applicable in article 10 proceedings (Family Ct Act § 1046 [b]).
Although the Sirois line of cases applies the higher “clear and convincing” evidence standard, that more exacting standard is appropriate to criminal proceedings, where the burden of proof is “beyond a reasonable doubt” and the U.S. Constitution’s Sixth Amendment Confrontation Clause requirements are applicable.*
*414 Wherefore, the petitioner’s motion is granted to the extent that a Sirois hearing is ordered.

 It is worth noting that the burden of proof issue has been resolved differently in the federal criminal system, where every Circuit other than the 5th Circuit applies the less onerous “preponderance of the evidence” standard. (People v Geraci at 366-367; see Brown v Epps, 686 F3d 281 [5th Cir 2012] [clear and convincing evidence standard]; United States v Houlihan, 92 F3d 1271 [1st Cir 1996]; United States v Dhinsa, 243 F3d 635 [2d Cir 2001]; United States v Savage, 2013 WL 372947, 2013 US Dist LEXIS 13031 [ED PA, Jan. 31, 2013, criminal action No. 07-550-03]; there are no Court of Appeals cases from the 3d Circuit; United States v Gray, 405 F3d 227 [4th Cir 2005]; United States v Warman, 578 F3d 320 [6th Cir 2009]; United States v Scott, 284 F3d 758 [7th Cir 2002]; United States v Emery, 186 F3d 921 [8th Cir 1999]; United States v Johnson, 767 F3d 815 [9th Cir 2014]; United States v *414 Cherry, 217 F3d 811 [10th Cir 2000]; United States v Zlatogur, 271 F3d 1025 [11th Cir 2001] [preponderance of the evidence standard].)