

# NUMBER 13-13-00229-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                  Appellant,

v.

LORENZO REYES JR.,                                                   Appellee.

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

The State appeals from the trial court's order granting, in part, defendant Lorenzo

Reyes Jr.'s motion to suppress an audio-recorded conversation between Reyes, Eugene

Weafer, and a confidential informant.[1]  The trial court suppressed the portions of the

---

[1] This appeal is brought pursuant to Texas Code of Criminal Procedure article 44.01(a)(5), which authorizes the State "to appeal an order of a court in a criminal case if the order . . . grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the

conversation containing statements of Weafer, an accomplice, after concluding that its admission would violate Reyes's rights guaranteed under the Confrontation Clause of the United States and Texas Constitutions. By one issue, the State argues that the trial court's suppression of the statements was an abuse of discretion because the statements are non-testimonial and do not implicate the protections of the Confrontation Clause.[2] We reverse and remand.

## I. BACKGROUND

The following facts were adduced at the underlying suppression hearing. The Federal Bureau of Investigation ("FBI") received information that Reyes and Weafer were planning to kidnap an individual for ransom. FBI agents sought the cooperation of a confidential informant to further investigate the planned kidnapping. The informant agreed to assist in the investigation, and the FBI paid for his living expenses during the period of his cooperation. Specifically, the informant agreed to pose as someone willing to carry out the kidnapping. In that capacity, the informant, while wearing a recording device, conducted a face-to-face meeting with Reyes and Weafer at Weafer's house.[3] Law enforcement officers were in the vicinity, but none were present at the residence. During the meeting, Reyes and Weafer discussed with the informant the details of the

---

prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case[.]" TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw through 2013 3d C.S.).

[2] As discussed below, our review of the trial court's determination that the statements at issue were testimonial is de novo. *See Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006).

[3] The participants to the conversation communicated primarily in Spanish. A copy of the audio recording and a transcript of the conversation translated into English were admitted into evidence at the suppression hearing.

planned kidnapping and their intent to seek ransom. The conversation reflects that Reyes intended for the informant to kidnap an individual so that Reyes could recover money allegedly owed to him by the individual's father.

On the basis of the recorded conversation, Reyes was indicted for solicitation to commit aggravated kidnapping, a second degree felony. *See* TEX. PENAL CODE ANN. §§ 15.03, 20.04 (West, Westlaw through 2013 3d C.S.). Weafer was also indicted for his part in the planned kidnapping. Reyes filed a motion to suppress the recorded conversation. The trial court granted the motion, in part, ordering "that [the] portion of the audio recording containing the voice of [Weafer] be and is hereby suppressed." The trial court denied "[Reyes's] request to suppress those portions of the audio tape containing the voices of the confidential human source and [Reyes]." The trial court later issued findings of fact and conclusions of law, concluding that "the statements made by [Weafer] are testimonial in nature, and that [Weafer] intends to assert his right against self-incrimination, denying [Reyes] the opportunity to confront and cross-examine the statements of [Weafer]." The trial court ordered that "any statements by [Weafer] contained within the said audio recording are inadmissible in the trial of [Reyes] as it violates [Reyes's] rights guaranteed by the confrontation clause of the Constitution of the United States and Constitution of the State of Texas."[4] This appeal followed.

---

[4] The trial court also concluded "[Reyes] made statements, admissions or confessions that were in violation of Article 38.21 or Article 38.23 of the Texas Code of Criminal Procedure, the Due Process of Law clause of the Fifth and Fourteenth Amendments to the United States Constitution and of Due Process of Law under Art. I, Sections 13 and 19 [of] the Texas Constitution." However, the trial court ruled only that Weafer's statements were inadmissible, and denied Reyes's motion to suppress the statements of Reyes and the confidential informant contained in the audio-recorded conversation. Further, the State explains in its brief that it is only appealing "the suppression of the statements, comments and questions of Weafer in the conversation."

3

## II. APPLICABLE LAW AND STANDARD OF REVIEW

The Sixth Amendment Confrontation Clause of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. amend VI. The Texas Constitution provides that "[i]n all criminal prosecutions the accused . . . shall be confronted by the witnesses against him." TEX. CONST. art. 1, § 10.[5]

Out-of-court testimonial statements offered against the accused are objectionable unless "the declarant is unavailable, and . . . the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004); *Langham v. State*, 305 S.W.3d 568, 576–77 (Tex. Crim. App. 2010). Only testimonial statements "cause the declarant to be a 'witness' within the meaning of the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821 (2006). A testimonial statement is typically "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51 (citation omitted).

Various forms of "testimonial statements" are recognized under *Crawford*. These include: (1) ex-parte in-court testimony or its functional equivalent—that is, materials such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pre-trial statements that declarants would reasonably expect

---

[5] Texas courts have declined to apply the state Confrontation Clause guarantee in a broader manner than the federal Confrontation Clause guarantee. *See Lagrone v. State*, 942 S.W.2d 602, 613 (Tex. Crim. App. 1997) (explaining that defendant failed to point out any meaningful distinctions between the confrontation clauses in the federal and Texas constitutions meriting extension of broader confrontational capacity under the state confrontation clause); *Rivera v. State*, 381 S.W.3d 710, 713 (Tex. App.—Beaumont 2012, pet. struck) (declining to interpret Texas Confrontation Clause to impose protections greater than the protections afforded a defendant under federal law). Therefore, we will analyze Reyes's issue under the Sixth Amendment. *See King v. State*, 189 S.W.3d 347, 362 (Tex. App.—Fort Worth 2006, no pet.).

to be used prosecutorially; (2) extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; and (3) statements that were made under circumstances which would lead an objective witness to reasonably believe that the statement would be available for use at a later trial. *See id.* at 51–52. Statements taken by police in the course of interrogations are also testimonial. *Id.* at 52. A statement need not be sworn, and the absence of an oath is not dispositive as to whether the statement is testimonial. *Id.*

When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the trial court's ruling, giving "almost total deference to a trial court's determination of historical facts that are supported by the record, particularly if the findings of fact are based on credibility and demeanor." *Miller v. State*, 393 S.W.3d 255, 262 (Tex. Crim. App. 2012). Questions of law and mixed questions of law and fact that do not turn on the evaluation of credibility and demeanor are reviewed de novo. *Id.* at 262–63. A trial court's determination of whether the Confrontation Clause has been implicated by a testimonial statement is a question of law that we review de novo. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

### III. DISCUSSION

In its sole issue, the State argues the trial court erred in suppressing the statements of Reyes's accomplice contained in the audio-recorded conversation. Specifically, the State maintains the statements were non-testimonial under *Crawford*. We agree that the statements, which were made to an individual believed by the declarant to be unaffiliated with law enforcement, are non-testimonial.

5

We first note that the statements at issue, those made by an accomplice during a conversation with a confidential informant, do not squarely fall into any of the categories of testimonial statements identified in *Crawford*. The statements clearly are not ex-parte in-court testimony or its functional equivalent, or extrajudicial statements, similar to an affidavit or confession. *See Crawford*, 541 U.S. at 51–52. Further, because Weafer did not know he was being recorded or that he was speaking to a confidential informant, we cannot conclude the statements were made under circumstances which would lead an objective witness to reasonably believe the statement would be available for use at a later trial. *See id.*

In *Davis v. Washington*, the United States Supreme Court observed in dicta that statements made unwittingly to a government informant were "clearly non-testimonial." 547 U.S. at 825. Relying on *Davis*, federal and state courts have repeatedly held that statements unknowingly made to an undercover officer, confidential informant, or cooperating witness are not testimonial in nature. *See Brown v. Epps*, 686 F.3d 281, 288–89 (5th Cir. 2012); *United States v. Dale*, 614 F.3d 942, 956 (8th Cir. 2010); *United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010); *United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009); *United States v. Watson*, 525 F.3d 583, 589 (7th Cir. 2008); *United States v. Udeozor*, 515 F.3d 260, 269–70 (4th Cir. 2008); *United States v. Underwood*, 446 F.3d 1340, 1347–48 (11th Cir. 2006); *United States v. Hendricks*, 395 F.3d 173, 182–84 (3d Cir. 2005); *United States v. Saget*, 377 F.3d 223, 229–30 (2d Cir. 2004); *State v. Brist*, 799 N.W.2d 238, 241–42 (Minn. 2011).

We are persuaded by the Fifth Circuit's reasoning in *Epps*, 686 F.3d at 281.[6]   In that case, a government informant called two unidentified individuals to finalize a controlled drug deal.   *Id.* at 283.   The conversation was recorded and admitted into evidence.   *Id.* at 283–84.   Following the conversation, the defendant drove his vehicle to the location of the controlled buy, and the informant, wearing a wire, got into the back seat and handed the passenger money in exchange for a baggie of cocaine.   *Id.*   The defendant argued that the admission of the recorded conversations with the informant violated the Confrontation Clause.   *Id.* at 284.   The Fifth Circuit held that the statements were non-testimonial, explaining:

> Even if the Supreme Court has not comprehensively demarcated "testimonial statements," every indicator that the Court has ascribed to them do not apply to the statements at issue here.   The conversations did not consist of some solemn declarations made for the purpose of establishing some fact.   Rather, the exchange was casual, often profane, and served the purpose of selling cocaine.   Nor were the unidentified individuals' statements made under circumstances that would lead an objective witness reasonably to believe that they would be available for use at a later trial.   To the contrary, the statements were furthering a criminal enterprise; a future trial was the last thing the declarants were anticipating.

*Id.* at 288.

Weafer's statements were made to an individual he believed to be unaffiliated with law enforcement.   Like *Epps*, the exchange was casual, and sometimes profane. Weafer's statements, which were made in furtherance of a criminal conspiracy, are not

---

[6] We are not bound by Fifth Circuit precedent on federal constitutional issues, but we will adopt its reasoning if it is persuasive.   *See Ex parte Evans*, 338 S.W.3d 545, 551 n. 27 (Tex. Crim. App. 2011) (citing *Magouirk v. Phillips,* 144 F.3d 348, 361 (5th Cir. 1998) (noting that state courts located in the Fifth Circuit "are not bound by Fifth Circuit precedent when making a determination of federal law")); *Guzman v. State*, 85 S.W.3d 242, 249 n. 24 (Tex. Crim. App. 2002) ( "Although we are not required to follow lower federal court interpretations of a federal constitutional right, we may find the reasoning in those cases persuasive.").

akin to a solemn declaration made for the purpose of establishing a fact. *See Crawford*, 541 U.S. at 51. We conclude Weafer's statements were non-testimonial and are not rendered inadmissible by the Confrontation Clause. The State's issue is sustained.

## IV. CONCLUSION

We reverse the trial court's order suppressing the portion of the audio recording containing Weafer's statements and remand to the trial court for further proceedings consistent with this opinion.

GREGORY T. PERKES<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of June, 2015.