# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30909
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2016

Lyle W. Cayce
Clerk

KEITH BARTHELEMY,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2335

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Keith Barthelemy, Louisiana state prisoner # 435736, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition in which he challenged his conviction for second degree murder as well as his resulting life sentence. Barthelemy argues that (1) he was denied his Sixth Amendment right to confrontation; (2) he was denied his right to conflict-free assistance of counsel; (3) he was denied the right to compulsory process; and (4) he was denied a fair

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30909

trial due to prosecutorial misconduct. Generally, on appeal from the denial of a habeas petition, we review the district court's findings of fact for clear error and issues of law de novo. *Propes v. Quarterman*, 573 F.3d 225, 227 (5th Cir. 2009).

Barthelemy asserts that he was denied his right to confront all witnesses against him when the trial court allowed Kathy Robertson, a 911 operator, to authenticate a tape of the 911 call made on the date of the murder. As the state court and the district court concluded, the statements contained on the tape of the 911 call were "nontestimonial" in nature and did not run afoul of the Confrontation Clause because they were "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation [wa]s to enable police assistance to meet an ongoing emergency." *Davis v. Washington*, 547 U.S. 813, 822 (2006). Moreover, the record reveals that Robertson did not "create a record for the sole purpose of providing evidence against [Barthelemy]." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 323 (2009). Testimony offered solely for the purpose of authentication does not fall within the class of evidence prohibited by the Confrontation Clause. *See id.* at 322.

Next, Barthelemy argues that he was denied conflict-free counsel because Dwight Doskey worked for an organization run by Kerry Cuccia, counsel for Barthelemy's co-defendant, Danny Scott. Scott pleaded guilty to a reduced charge of manslaughter in exchange for testifying against Barthelemy. The mere fact of multiple representation, without more, does not warrant automatic reversal or a presumption of prejudice. *See Mickens v. Taylor*, 535 U.S. 162, 170-73 (2002). The claimant must demonstrate that the joint representation created an actual conflict. *Id.* at 171.

No. 14-30909

The state court concluded and the district court concurred that Barthelemy failed to allege that an actual conflict of interest existed because he failed to allege that Doskey simultaneously represented two clients with conflicting interests.  The record reveals that Doskey withdrew from representing Barthelemy prior to going to work for Cuccia's organization and no evidence shows that Doskey had any role in representing Scott or in brokering Scott's plea bargain agreement.  As Barthelemy cannot demonstrate that Doskey ever actively represented clients with competing interests, he cannot demonstrate that a conflict of interest affecting the adequacy of trial counsel's performance existed.  *See Mickens*, 535 U.S. at 170-73; *cf. Perillo v. Johnson*, 205 F.3d 775, 808 (5th Cir. 2000) (finding actual conflict which adversely affected counsel's performance where counsel was appointed to represent defendant after having represented co-defendant, who was convicted in prior trial and whom counsel continued to represent when co-defendant testified against defendant during defendant's trial).  Barthelemy's conclusional assertion that it was inevitable that Doskey, however unintentionally, shared his knowledge of Barthelemy's case to bolster Scott's plea negotiations, is insufficient to rebut by clear and convincing evidence the presumption of correctness afforded to the state court's factual findings, *see* 28 U.S.C. § 2254(e)(1); *Brown v. Epps*, 686 F.3d 281, 285 (5th Cir. 2012), and does not demonstrate that an actual, rather than a "theoretical" conflict existed, *see Mickens*, 535 U.S. at 170-73.

Additionally, Barthelemy argues that his right to compulsory process was violated when the trial court allowed Lakeisha Williams to invoke her right against self-incrimination.  He asserts that Williams's testimony was essential to his case and that her testimony would not realistically have subjected her to prosecution.  The defendant's right of compulsory process is

3

not absolute and must yield to a claim of the Fifth Amendment's privilege against self-incrimination. *See United States v. Follin*, 979 F.2d 369, 374 (5th Cir. 1992); *United States v. Hernandez*, 962 F.2d 1152, 1161 (5th Cir. 1992). As the state court and the district court concluded, the record reveals that Williams had "reasonable cause" to invoke her Fifth Amendment protection because her answers or explanations of why she could not answer were likely to result in "injurious disclosure[s]" about her involvement in Barthelemy's case as an accessory after the fact and also her involvement as a suspect in a pending murder case. *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951). Furthermore, Barthelemy does not indicate what testimony he believed Lakeisha would have provided and, thus, does not make a "plausible showing of how [Williams's] testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

Lastly, Barthelemy argues that the prosecutor rendered his trial unfair by making some improper statements during closing remarks. Barthelemy fails to address all of the district court's reasons for denying this issue and, thus, has abandoned the claim. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (noting that failure to address district court's legal analysis is the same as not appealing the judgment). As such, he cannot show that the prosecutor's misconduct was "persistent and pronounced" or that the evidence of his guilt was so lacking that he could not have been convicted but for the prosecutor's improper remarks. *See Geiger v. Cain*, 540 F.3d 303, 308 (5th Cir. 2008).

Barthelemy fails to demonstrate that the district court erred in denying § 2254 relief. § 2254(d)(1), (d)(2); *see Miniel v. Cockrell*, 339 F.3d 331, 336-37 (5th Cir. 2003). Accordingly, the judgment of the district court is AFFIRMED.

4