# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00495-CR

**Allen Townsend, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-16-904048, HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Allen Townsend of felony murder. *See* Tex. Penal Code § 19.02(3)(c). The district court assessed punishment at 20 years' imprisonment and rendered judgment consistent with the jury's verdict. On appeal, Townsend contends that the district court erred by admitting into evidence certain PowerPoint slides recounting his co-defendant's cell-phone usage around the time of the offense and by admitting a recording of a jailhouse phone call between Townsend and his co-defendant. We will affirm the judgment of conviction.

## BACKGROUND

Townsend was charged by indictment with murder committed during an aggravated robbery. Townsend's co-defendant shot the victim, who died at the hospital. After trial, the jury found Townsend guilty as charged in the indictment. The district court assessed his punishment and

rendered judgment in accordance with the jury's verdict. Townsend filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## DISCUSSION

**No error in admission of PowerPoint slides**

In his first issue, Townsend contends that the district court erred by admitting into evidence particular PowerPoint slides concerning cell-phone usage around the time of the offense by Terry Stowers, Townsend's co-defendant. Stowers did not testify at trial. The content of the slides—numbered 55–67—consists of a title page with Stowers's name, cell-phone number, and the dates covered by the data, including the date of the murder; four slides of data from the business records of Sprint; four slides referring to information in the data; and four slides of maps showing the locations of Sprint's cell-tower sites with reference to the residences of individuals involved in this case. Townsend's complaint focuses on the information from the cell-phone data, such as the fact that Stowers's device: had a strong relationship with Townsend's device; had no relationship with the victim's device; was in vicinity of the victim's residence for a certain length of time; showed only text messaging; showed a delay in responding to texts; and at certain times, was turned off or not in use. Townsend contends specifically that admission of these slides violated the Confrontation Clause of the Sixth Amendment because he was unable to ask Stowers, who did not testify at trial, about Stowers's cell phone usage. In Townsend's view, the slides were his co-defendant's "statements" and the equivalent of a "confession." Although we defer to a trial court's determination of historical facts and credibility, we review de novo a ruling on the admissibility of evidence over a Confrontation Clause objection. *Wall v. State*, 184 S.W.3d 730,

2

742, 743 n.48 (Tex. Crim. App. 2006) (noting that appellate courts review trial courts' rulings on admissibility of hearsay evidence under abuse-of-discretion standard but review de novo Confrontation Clause objections to admission of evidence).

The Confrontation Clause of the Sixth Amendment provides a criminal defendant with the right to cross-examine witnesses against him. U.S. Const. amend. VI. The Confrontation Clause prohibits the admission of "testimonial hearsay" unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 53, 68 (2004); *Brown v. Epps*, 686 F.3d 281, 286 n. 20 (5th Cir. 2012) ("Only testimonial hearsay implicates the Confrontation Clause."); *see* U.S. Const. amend. VI. Texas Rule of Evidence 801(d) defines hearsay as a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). A "statement," for purposes of the hearsay rule, "means a person's oral or written verbal expression, or nonverbal conduct that a person intended as a substitute for verbal expression." *Id*. R. 801(a).

Here, the complained-of PowerPoint slides are not Stowers's "statements" as defined by Rule 801(a). *See id.* They contain no "oral or written verbal expression" by Stowers and no "nonverbal conduct" that he intended as a substitute for his verbal expression. *See id*.; *Watson v. State*, 421 S.W.3d 186, 197 (Tex. App.—San Antonio 2013, pet. ref'd) (concluding that trial court did not violate Confrontation Clause by admitting into evidence silent video that contained no "statement" as defined in Rule 801(a) and was not hearsay); *see also Winstead v. State*, No. 11-13-00053-CR, 2014 Tex. App. LEXIS 10211, at *18 (Tex. App.—Eastland Sept. 11, 2014,

3

pet. ref'd) (mem. op., not designated for publication) (same). Townsend cites no authority supporting his contention that the slides recounting the cell-phone usage were analogous to a confession. We conclude that the complained-of PowerPoint slides—which contained no "statement" from Stowers—did not implicate the Confrontation Clause, which bars only testimonial hearsay. *See Crawford*, 541 U.S. at 68; *Epps*, 686 F.3d at 286 n. 20; *see also* Tex. R. Evid. 801(a). We overrule Townsend's first issue.

**Complaint about admission of recording of jailhouse phone call not preserved**

In his second issue, Townsend contends that the trial court erred by admitting into evidence a twelve-minute-long recording of a three-way phone call from jail between Townsend, Stowers, and another inmate Cory Francis. In the recording, Townsend and Stowers discuss a particular witness involved in their case. Townsend contends that statements in the recording are testimonial and that he was denied his Sixth Amendment right to confront and cross-examine an adverse witness, his co-defendant Stowers. Whether a statement is "testimonial" under the Confrontation Clause is a question of law, which we review de novo. *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008); *Wall*, 184 S.W.3d at 742.

Before addressing the merits of Townsend's second issue, we must determine whether he preserved it for review. "[I]t is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits." *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (quoting *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010)); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (stating that appellate courts should not address merits of issue that has not been preserved for appeal). To preserve error for appellate review, a party must

4

make a timely and specific objection at the earliest possible opportunity and obtain an adverse ruling from the trial court, and the complaint on appeal must correspond to the objection made at trial. *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *see* Tex. R. App. P. 33.1(a).

Further, to preserve error in the admission of evidence when part of the evidence is admissible and part of it is not, the party objecting to the admissibility of the evidence must specifically point out what part is inadmissible to preserve the alleged error. *Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009) (noting that trial court was not obligated to search through audiotapes and remove all inadmissible references so that recorded statements only contained admissible evidence); *see Mims v. State*, No. 03-13-00266-CR, 2015 Tex. App. LEXIS 11578, at *18 (Tex. App.—Austin Nov. 10, 2015, pet. ref'd) (mem. op., not designated for publication) ("It is well established that when an exhibit contains both admissible and inadmissible material, the burden is on the objecting party to specifically point out which portion of the exhibit is inadmissible; otherwise, any error in admitting specific portions of the exhibit is not preserved for review."); *Hernandez v. State*, No. 05-11-00844-CR, 2012 Tex. App. LEXIS 6508, at *14–15 (Tex. App.—Dallas Aug. 8, 2012, pet. ref'd) (not designated for publication) (concluding that defendant failed to preserve his objection to trial court's admission of his jailhouse phone-call recordings).

Here, Townsend's counsel did not specify to the district court what portion of the twelve-minute-long recording was objectionable:

| [Prosecutor]: | Your Honor, we now offer State's Exhibit Number 100. A copy has been previously provided to defense counsel. |
| [Defense counsel]: | May we approach? |

5

(Sidebar)

[Defense counsel]:     Confrontation, hearsay, failure to authenticate all the voices on the tape, right to present a defense, 14th Amendment, due process, equal protection.

. . . .

THE COURT:     I'm going to allow it over defense objection.

[Defense counsel]:     Okay. Thank you, Judge.

Accordingly, we conclude that Townsend failed to preserve error as to his complaint about the admission of that recording. *See* Tex. R. App. P. 33.1(a); *Whitaker*, 286 S.W.3d at 369; *Mims*, 2015 Tex. App. LEXIS 111578, at *18; *Hernandez*, 2012 Tex. App. LEXIS 6508, at *14–15.

Even if Townsend had preserved his complaint, we would not conclude that the district court erred by admitting into evidence the recording of Townsend's jailhouse phone call. As we have noted, the Confrontation Clause prohibits only the admission of testimonial hearsay. *See Crawford*, 541 U.S. at 68; *Epps*, 686 F.3d at 286 n. 20; *see also* U.S. Const. amend. VI. Testimonial statements include, at a minimum, "prior testimony at a preliminary hearing, before a grand jury, or at a former trial" and "police interrogations." *Crawford*, 541 U.S. at 68; *Woods v. State*, 152 S.W.3d 105, 114 (Tex. Crim. App. 2004). The Supreme Court specifically distinguished a defendant's statements to police from his statements to friends, noting that: "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford*, 541 U.S. at 51. Further, the Court has ruled that a statement is not testimonial if its primary purpose is not to create an out-of-court substitute for trial testimony. *Michigan v. Bryant*, 562 U.S. 344, 358 (2011) (noting that "the most

6

important instances in which the [Confrontation] Clause restricts the introduction of out-of-court statements are those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial"); *Epps*, 686 F.3d at 287, 289; *see Espinoza v. Thaler*, No. 2:11-CV-00146, 2012 U.S. Dist. LEXIS 31059, at *21–22 (S.D. Tex. 2012) (noting trial court's finding that recorded conversations were not "testimonial statements" barred by Confrontation Clause because conversations were initiated by his co-defendant, not by law enforcement, and such conversations were his co-defendant's spontaneous statements to private persons); *Rodriguez v. State*, Nos. 07-15-00412-CR & 07-16-00124-CR, 2016 Tex. App. LEXIS 13584, at *9 (Tex. App.—Amarillo Dec. 21, 2016, no pet.) (mem. op., not designated for publication) (noting that declarant's knowledge that phone conversation could be used in later criminal proceeding did not make recorded statements testimonial).

Here, the complained-of recording was not the equivalent of statements made during prior testimony at a legal proceeding or a police interrogation. The statements in the recording between Townsend, his co-defendant Stowers, and another inmate were made not to law enforcement, but between acquaintances. The primary purpose of the recording was not to create an out-of-court substitute for trial testimony. We conclude that the jailhouse phone-call recording was not testimonial, and thus, that the district court did not violate the Confrontation Clause by admitting that recording into evidence. We overrule Townsend's second issue.

**CONCLUSION**

We affirm the district court's judgment of conviction.

7

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   August 21, 2018

Do Not Publish