■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NEIL SIROIS, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Yoswein, J.), dated April 20, 1982, which granted defendant's motion to dismiss an indictment against him, charging, *inter alia,* murder in the second degree, on the ground that defendant had not been afforded a speedy trial pursuant to CPL 30.20. Order reversed, on the law, motion denied and indictment reinstated. By indictment dated December 15, 1980, defendant, Neil Sirois, was charged, *inter alia,* with the murder of his estranged wife's lover. Bail, which had been posted shortly after his arraignment on the felony complaint, was continued. In June, 1981, the People declared themselves ready for trial; defendant requested an adjournment. Thereafter, from July to the end of September, 1981, the trial was adjourned on consent or at the request of the defendant. From the end of October, 1981 and continuing through January 26, 1982, adjournments were requested by the People for a number of reasons: a new trial assistant who took over the case was engaged in another trial; a witness was ill; and, finally, the chief prosecution witness — defendant's wife — changed her testimony when she was interviewed in early December, 1981 and then disappeared altogether. The Administrative Judge heard the requests for adjournments beginning in December, 1981 since the case had, at that time, been on the calendar for a year. On January 28, the Administrative Judge denied the People's request for a further adjournment and granted defendant's motion to dismiss the indictment on speedy trial grounds. This was done in the face of the trial assistant's representations to the court that he had received information indicating that defendant had been in touch with his estranged wife and had influenced her decision to change her testimony and to disappear. We reverse. While there is no exact time which is determinative of what constitutes a "speedy trial" for constitutional purposes, we are not persuaded that the 13-month delay in this case amounts to a denial of defendant's right thereto. At least half of the delay was upon consent or due to adjournments requested by the defendant. The adjournments by the People were for justifiable reasons and were of short duration. The defendant had

been free on bail for the entire period and there is no basis upon which to conclude that his defense had been impaired by the delay. The fact that the defendant has reconciled with his wife should not become a weapon to dismiss this case on constitutional speedy trial criteria. We also believe the court erred in considering the likelihood of conviction in determining the motion. Accordingly, the indictment should be reinstated. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.