OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
On the day of defendant’s jury trial one of the witnesses against him, who was being held on other charges, was mistakenly placed in the holding pen in the courthouse with defendant. During the trial, the prosecutor attempted to have the witness testify that while in the holding pen, defendant threatened or intimidated him to prevent him from testifying. Before receiving the evidence, the trial court conducted a hearing in the absence of the jury. Over objection, the court excluded defendant from the courtroom during the hearing. That ruling constituted reversible error.
A defendant has the right to be present at any material stage of the trial (see, People v Velasco, 77 NY2d 469; People v Mullen, 44 NY2d 1, 4-5). Proceedings where testimony is received are material stages of the trial because defendant’s presence is necessary so that he or she may confront adverse witnesses and advise counsel of any inconsistencies, errors or falsehoods in their testimony (People v Anderson, 16 NY2d 282, 288; and see, People ex rel. Lupo v Fay, 13 NY2d 253, 257, remittitur amended 13 NY2d 1178, cert denied 376 US 958). A preliminary hearing at which adverse testimony is received may be a material part of the trial for similar reasons (see, People v Anderson, supra, at 286-288). Defendant’s absence from such hearings could have a substantial effect on his ability to defend (see, Snyder v Massachusetts, 291 US 97, 105-106).
The purpose of the hearing in this case was to elicit the witness’s version of the facts surrounding the alleged intimidation so that the court could determine its admissibility at trial. Defendant was entitled to confront the witness against him at that hearing and also to be present so that he could advise counsel of any errors or falsities in the witness’ testimony which could have an impact on guilt or innocence. It was not sufficient under the circumstances, as the Appellate Division concluded, that defendant was present when the witness testified before the jury. At that stage of the trial, the court had already decided the evidence had probative value and would be received for the jury’s consideration.
*873 In view of our disposition, we need not decide defendant’s remaining contentions.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.