■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRUTCHER, Appellant.—Judgment affirmed. Memorandum: Defendant gave a statement to police following his arrest on charges of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree. At a pretrial Huntley hearing (see, People v Huntley, 15 NY2d 72), three police witnesses testified for the People. Defendant testified on his own behalf, but his

responses indicated that he was mentally incompetent. The court acknowledged that defendant appeared to be "off in another dimension" during the *Huntley* hearing. At defense counsel's request, a competency hearing was held, and one week later defendant was declared incompetent and committed to the Mid-Hudson Psychiatric Center. Defendant was found to be fit to proceed approximately two months later.

When the criminal proceeding resumed, the prosecutor, in light of defendant's condition at the earlier hearing, offered to reopen the *Huntley* hearing to allow for further cross-examination of the police witnesses and for defendant to testify if he should so choose. Defense counsel declined the offer and defendant indicated his assent. On appeal, defendant argues that he was deprived of his right to be present at a material stage of his trial.

A preliminary hearing at which adverse testimony is taken is a material stage at which defendant has a right to be present *(People v Turaine,* 78 NY2d 871, 872; *People v Anderson,* 16 NY2d 282, 287-288). "Proceedings where testimony is received are material stages of the trial because defendant's presence is necessary so that he or she may confront adverse witnesses and advise counsel of any inconsistencies, errors or falsehoods in their testimony" *(People v Turaine, supra,* at 872). Here, defendant was incompetent, thus, effectively not present, when a *Huntley* hearing was held. However, defendant did not request another *Huntley* hearing. In fact, defense counsel, in defendant's presence, declined the prosecutor's offer to reopen the *Huntley* hearing and to produce her witnesses for further cross-examination prior to trial. Consequently, defendant has failed to preserve for review as a matter of law the argument that he now advances *(see, People v Dunbar,* 172 AD2d 1006, *lv denied* 78 NY2d 965; *People v Dunlap,* 161 AD2d 1114; *People v Blake,* 158 AD2d 979, *lv denied* 75 NY2d 964). We decline to reach defendant's argument in the interest of justice because defendant has failed to demonstrate any prejudice. Defendant's statement, which was admitted into evidence at trial, supported the defendant's justification defense and, in fact, was highlighted by defense counsel on summation.

We have examined defendant's remaining arguments and find them to be lacking in merit.

All concur, except Lawton, J., who dissents and votes to reverse in the following Memorandum.

Lawton, J. (dissenting). I dissent. Because, as found by the

majority, defendant was incompetent at the time of his *Huntley* hearing, he was in effect absent from a material stage of his trial *(see, People v Turaine,* 78 NY2d 871, 872; *People v Anderson,* 16 NY2d 282; *People v De Armas,* 106 AD2d 659, 660). To conduct defendant's *Huntley* hearing in his absence violated his due process rights because it "could have a substantial effect on his ability to defend *(see, Snyder v Massachusetts,* 291 US 97, 105-106)" *(People v Turaine, supra,* at 872; *see, People v Sloan,* 79 NY2d 386; *People v Anderson, supra,* at 288). That procedure was "at a basic variance with the mandate of law" *(People v Patterson,* 39 NY2d 288, 296, *affd* 432 US 197) and therefore the issue is preserved without objection *(see, People v Mehmedi,* 69 NY2d 759, 760). In that regard, *People v Bonaparte* (78 NY2d 26, 31, n) establishes that, unlike a failure to object to a jury instruction, "the defendant's right to be present at critical stages of the trial * * * implicate[s] 'the organization of the court or the mode of proceedings prescribed by law' and present[s] reviewable questions of law even in the absence of a timely objection".

Because defendant's *Huntley* hearing was conducted in his absence, his conviction should be reversed and a new trial granted *(see, People v Turaine, supra; People v Anderson, supra).* (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Attempted Murder, 2nd Degree.) Present—Callahan, J. P., Boomer, Balio, Lawton and Doerr, JJ.