■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY BROWN, Appellant. [600 NYS2d 593] —Judgment unanimously affirmed. Memorandum: County Court properly allowed defendant's estranged wife and his former wife to testify that defendant had bitten them on prior occasions when he was angry. Defendant's conduct was sufficiently unique to be considered by the jury on the issue of identity *(see, People v Smith*, 63 NY2d 41, 64-65, *cert denied* 469 US 1227; *People v Allweiss*, 48 NY2d 40, 47-48; *People v Rossman*, 95 AD2d 873).

We reject defendant's contention that his constitutional right to be present at trial *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6) was violated when the material witness hearing *(see,* CPL 620.50) was conducted in his absence. The sole issue at the material witness hearing was whether a witness would "be amenable or responsive to a subpoena" directing her attendance at the *Ventimiglia* hearing (CPL 620.20 [1] [b]). The hearing did not address evidentiary matters *(cf., People v Turaine*, 78 NY2d 871) or issues on which defendant had special knowledge *(cf., People v Dokes*, 79 NY2d 656) and his exclusion from the hearing did not affect his ability to defend *(see, People v Morales*, 80 NY2d 450, 457).

The evidence, viewed in the light most favorable to the People *(see, People v Contes*, 60 NY2d 620), is sufficient to support the conviction and the verdict is not contrary to the weight of the evidence *(see, People v Bleakley*, 69 NY2d 490, 495).

We have examined defendant's remaining contentions and

find them to be unpreserved or lacking in merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Fallon and Davis, JJ.