■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM ABDUL LATIF, Also Known as GEORGE SUAREZ, Appellant. [622 NYS2d 326] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered July 26, 1989, convicting him of murder in the second degree (four counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 22, 1988, the defendant, while on bail awaiting retrial, was remanded based upon a representation by an Assistant District Attorney in the presence of the defendant that the People's primary witness had been threatened. On October 4, 1988, a hearing was conducted on that allegation. At the hearing, the People's witness testified that she had been threatened by an associate of the defendant. The defendant was not present at the hearing. The retrial did not commence until May 1989.

CPL 260.20 provides that "[a] defendant must be personally present during the trial of an indictment". The Court of Appeals has held that "[t]rial, as a matter of State law, includes not only 'core' proceedings such as the taking of testimony but also a myriad of 'ancillary' proceedings" *(People v Sprowal,* 84 NY2d 113, 117), including proceedings relating to jury selection *(see, People v Mullen,* 44 NY2d 1), and hearings concerning the admissibility of evidence at trial *(see, People v Turaine,* 78 NY2d 871; *People v Dokes,* 79 NY2d 656; *People v Anderson,* 16 NY2d 282). The instant hearing with respect to bail, conducted months before the trial commenced, cannot be considered part of the trial or ancillary to the trial.

In any event, it cannot be said that the failure to produce the defendant at the hearing had a substantial effect on his ability to defend *(see, People v Turaine, supra; People v Mullen, supra).* No evidence of the threats was presented at trial *(see, People v Turaine, supra).* Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.