■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JAMES, Appellant. [699 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 20, 1996, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the defendant contends that the People failed to prove his guilt by legally sufficient evidence, his claim is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

It is well settled that a defendant has a fundamental right to be present during any material stage of the trial (*see,* CPL

260.20; *People v Spotford,* 85 NY2d 593, 596; *People v Turaine,* 78 NY2d 871; *People v Velasco,* 77 NY2d 469; *People v Mullen,* 44 NY2d 1), including a sidebar interview of a prospective juror concerning that juror's bias or hostility (*see, People v Maher,* 89 NY2d 318, 324; *People v Sloan,* 79 NY2d 386, 391-393). In this case, the defendant was present in the courtroom during the entire voir dire process, but he was out of hearing range during the sidebar interviews. The procedure adopted by the court, which included placing each juror's sidebar response on the record in the presence of the defendant, effectively preserved the defendant's right to be present during any material stage of his trial.

The defendant's remaining contentions are without merit. Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.