■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEFERINO CASIANO, Appellant. [743 NYS2d 405] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered August 26, 1999, which convicted defendant, after a jury trial, of assault in the second degree, unanimously reversed, on the law, and the matter remanded for a new trial.

The victim, Raymond Rosado was assaulted outside a pool hall by defendant, and two other individuals who struck him repeatedly with a nightstick, causing severe lacerations to his head. The victim's cousin, Luis Rodriguez, who was playing pool with Rosado on the night of the attack, did not witness this assault, but saw Rosado shortly thereafter on the street covered in blood and walking home. Before Rodriguez could reach his cousin, he was attacked by a group of individuals who threw a piece of cloth over his head and began beating him. After the covering was removed, Rodriguez identified defendant as one of his attackers.

Prior to the trial, the trial court held an off-the-record bench conference outside the presence of defendant as to, inter alia, the scope and substance of the Rodriguez testimony. The court later placed on the record the issues raised at this closed conference and stated that Rodriguez could testify that defendant had also assaulted him on the night Rosado was attacked.

It is well settled that a defendant has a constitutional as well as a statutory right to be present at all material stages of a trial and at all ancillary proceedings when he or she may have something valuable to contribute or when his or her presence would have a substantial effect on defendant's ability to defend against the charges (*see, People v Williams*, 85 NY2d 945, 947 [citations omitted], *cert denied sub nom. Chisolm v New York*, 528 US 971; *People v Roman*, 88 NY2d 18, 25, *rearg denied* 88 NY2d 920; *see also,* CPL 260.20).

Inasmuch as the identification of defendant was the subject of the closed conference, he was obviously in a unique position to "point out errors in the [record], to controvert assertions by the prosecutor * * * and to provide counsel with details about the underlying facts" (*People v Spotford*, 85 NY2d 593, 596-597 [citation omitted]). It is clear that this off-the-record conference directly dealt with matters that have potential for meaningful input from the defendant, and thus, his presence was required (*see, People v Turaine*, 78 NY2d 871) and reversal of the conviction is required.

The verdict was not against the weight of the evidence. Since we are ordering a new trial, this Court need not reach the remaining issues on appeal. Concur—Andrias, J.P., Buckley, Rosenberger, Lerner and Marlow, JJ.