■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED McCUNE, Appellant. [949 NYS2d 747]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered November 10, 2009, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

After an argument with the decedent, the defendant allegedly shot and killed the decedent in a parking lot in March 2008. A witness testified before the grand jury that he had witnessed the shooting and identified the defendant as the perpetrator. However, prior to trial, the witness indicated that he was unwilling to testify because of alleged threats by the defendant's friends and family members. The People sought an order finding the witness "unavailable," thereby permitting them to introduce the witness's grand jury testimony and a statement he made to the police in their case-in-chief.

During the trial, the Supreme Court issued a material witness order for the subject witness. The witness was brought to court, and he testified that he did not remember the incident in question. He also testified, in essence, that he was afraid to testify because of the threats made against him by the defendant's friends and family. The Supreme Court determined that the witness was unavailable.

The purpose of a *Sirois* hearing (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]; *People v Sirois*, 92 AD2d 618 [1983]) is "to determine whether the defendant has procured a witness's absence or unavailability through his own misconduct, and thereby forfeited any hearsay or Confrontation Clause objections to admitting the witness's out-of-court statements" (*Cotto v Herbert*, 331 F3d 217, 225-226 [2003]; *see People v*

*Geraci*, 85 NY2d 359, 365-366 [1995]). At a *Sirois* hearing, the People bear the burden of establishing, by clear and convincing evidence, that the defendant has procured the witness's absence or unavailability (*see People v Geraci*, 85 NY2d at 367).

"Criminal defendants have a statutory and constitutional right to be present at all material stages of trial" (*People v Spotford*, 85 NY2d 593, 596 [1995]; *see* US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20; *Kentucky v Stincer*, 482 US 730, 745 [1987]; *People v Turaine*, 78 NY2d 871, 872 [1991]). Even where a "defendant is not actually confronting witnesses or evidence against him, he has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge' " (*Kentucky v Stincer*, 482 US at 745, quoting *Snyder v Massachusetts*, 291 US 97, 105-106 [1934]; *see People v Dokes*, 79 NY2d 656, 659 [1992]). Further, "[p]roceedings where testimony is received are material stages of the trial because defendant's presence is necessary so that he or she may confront adverse witnesses and advise counsel of any inconsistencies, errors or falsehoods in their testimony" (*People v Turaine*, 78 NY2d at 872). However, where the defendant's presence would be "useless, or the benefit but a shadow" (*Kentucky v Stincer*, 482 US at 745 [internal quotation marks omitted]), due process does not require his presence. "Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure" (*id.* at 745).

During a *Sirois* hearing, testimony is heard that could possibly lay the foundation for the introduction into evidence at a defendant's trial of a witness's prior statements, including grand jury testimony, rather than live testimony from the witness that is subject to cross-examination. Accordingly, a defendant's absence at a *Sirois* hearing has a substantial effect on his ability to defend the charges against him and, thus, a *Sirois* hearing constitutes a material stage of the trial (*see Kentucky v Stincer*, 482 US at 745-746; *Snyder v Massachusetts*, 291 US at 105-106; *People v Spotford*, 85 NY2d at 596; *People v Turaine*, 78 NY2d at 872; *People v Dokes*, 79 NY2d at 659).

Here, the Supreme Court excluded the defendant during the portion of the *Sirois* hearing in which the witness at issue testified in detail about threats and intimidation made against him. Preliminarily, we reject the characterization of the proceeding during which such testimony was received as something other than a *Sirois* hearing. The contention that the witness's

testimony was taken solely on the issue of whether he should be held as a material witness is without merit. The purpose of the subject witness's testimony about threats and intimidation made against him was clearly to determine whether the defendant procured the "witness's absence or unavailability through his own misconduct" (*Cotto v Herbert*, 331 F3d at 225; *see People v Geraci*, 85 NY2d at 365-366).

Moreover, although the defendant was present during the testimony of the other two *Sirois* hearing witnesses, both of those witnesses provided only hearsay testimony about what the subject witness allegedly told them regarding the threats and intimidation. As such, the defendant's presence in the courtroom during the other two witnesses' testimony did not cure the error in excluding him from the courtroom during the subject witness's testimony.

Where a "defendant was absent during a material part of his trial, harmless error analysis is not appropriate" (*People v Mehmedi*, 69 NY2d 759, 760 [1987]; *see People v Crimmins*, 36 NY2d 230, 238 [1975]; *People v Dini*, 292 AD2d 631 [2002]; *People v Turaine*, 78 NY2d 871 [1991]; *People v Chichester*, 197 AD2d 699, 700 [1993]; *People v Boyd*, 166 AD2d 659 [1990]).

Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial.

In light of our determination, the defendant's remaining contentions are academic. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.