■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH WILLIAMS, Appellant. [2 NYS3d 612]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered May 1, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

After the defendant argued with the victim, the victim was

fatally shot in the vicinity of a basketball court at the Williamsburg Houses public housing development. A witness to the shooting, who knew both the defendant and the victim, identified the defendant at a lineup as one of the shooters, gave the police a sworn audiotaped statement, and testified before the grand jury. However, the witness notified the prosecutor that she would not testify at trial because she had been approached and threatened by a man whom she had previously seen with the defendant. As a result, she feared for her own life and the lives of her family members.

The Supreme Court held a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]). The court excluded the defendant from the courtroom during this hearing, but permitted him to hear a live audio transmission of the proceeding, including the witness's testimony, from a holding cell. Three days after the hearing was concluded, the court entertained argument on the People's application to determine whether the witness was practically unavailable. The court determined that the witness was practically unavailable and that the People had proven, by clear and convincing evidence, that the defendant had procured the witness's unavailability, thereby forfeiting his right to confront and cross-examine her. As a result, the court ruled that the witness's audiotaped statement and grand jury testimony could be admitted into evidence at trial.

The jury convicted the defendant of murder in the second degree and criminal possession of a weapon in the second degree.

Contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Nevertheless, the judgment of conviction must be reversed and a new trial must be held. "[A] defendant's absence at a *Sirois* hearing has a substantial effect on his ability to defend the charges against him and, thus, a *Sirois* hearing constitutes a material stage of the trial" (*People v McCune*, 98 AD3d 631, 632 [2012]). The "[d]efendant was entitled to confront the witness against him at that hearing and also to be present so that he could advise counsel of any errors or falsities in the witness' testimony which could have an impact on guilt or innocence" (*People v Turaine*, 78 NY2d 871, 872 [1991]). Here, the defendant was not in the courtroom and was not allowed to confer with his attorney during the hearing. Moreover, the fact that the defendant was able to hear the witness's testimony from a holding cell, and that the Supreme Court did not render a decision on the People's application until after argument was heard

three days after the hearing, were insufficient safeguards to ensure that the defendant was "[afforded] the opportunity for meaningful participation to which he was entitled" (*People v Favor*, 82 NY2d 254, 267 [1993]).

Since the error deprived the defendant of a fair trial, the judgment must be reversed and the matter must be remitted to the Supreme Court, Kings County, for a new trial (*see People v McCune*, 98 AD3d at 633).

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.