People v Zafor (2018 NY Slip Op 03553)





People v Zafor


2018 NY Slip Op 03553


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2013-07334
 (Ind. No. 1871/11)

[*1]The People of the State of New York, respondent,
v
Mohammed Zafor, appellant.


Paul Skip Laisure, New York, NY (Bryan D. Kreykes of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, Ayelet Sela, and David P. Greenberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered June 18, 2013, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of assault in the second degree, two counts of criminal possession of a weapon in the fourth degree, and endangering the welfare of a child based upon evidence that he struck the complainant with a broom and a mop in the presence of their five-year-old son. The complainant, whose only language is Bengali, initially told police officers and hospital personnel, through interpreters, that the defendant had assaulted her with a mop and a broom in the presence of their son. She later recanted, stating that she had not made those statements, that she suffered from mental problems, that the defendant had not been present when she sustained her injuries, and that her injuries were self-inflicted. A Sirois hearing (see People v Sirois, 92 AD2d 618), was held to determine the admissibility at trial of the complainant's prior statements, and the People presented evidence of recorded phone calls from jail establishing that the defendant coerced and intimidated the complainant to advise the prosecutor that she did not wish to be a witness, that she was mentally ill, and that her injuries were self-inflicted. The People also presented evidence that the defendant prepared a letter for the complainant to sign and have notarized as her own, containing statements exculpating the defendant. The Supreme Court determined that the People had satisfied their burden of establishing by clear and convincing evidence that the defendant's misconduct caused the complainant to become unavailable by recanting and changing her statement as to how she has injured, and admitted the complainant's initial out-of-court statements that the defendant had assaulted her with a broom and a mop in the presence of their son.
The defendant's contention that the Supreme Court erred in permitting the admission of the out-of-court statements by the complainant is without merit. The evidence presented at the Sirois hearing (see Matter of Holtzman v Hellenbrand, 92 AD2d 405), and the inferences that [*2]logically flow therefrom, were sufficient to support the court's determination, under the clear and convincing evidence standard, that the defendant's misconduct caused the complainant to be unavailable for purposes of testifying at trial (see People v Smart, 23 NY3d 213). Thus, the People were properly allowed the use of the complainant's out-of-court statements as part of their direct case (see People v Cotto, 92 NY2d 68, 87; People v Geraci, 85 NY2d 359, 368-370; People v Wilson, 115 AD3d 891).
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court