People v Taylor (2021 NY Slip Op 01998)





People v Taylor


2021 NY Slip Op 01998


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-08337
 (Ind. No. 1568/16)

[*1]The People of the State of New York, respondent,
v
Joshua Taylor, appellant.


Thomas J. Butler, Melville, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered June 12, 2018, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Dawson, 178 AD3d 719, 720). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish his guilt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's contention that the verdict was repugnant is unpreserved for appellate review and, in any event, without merit (see People v Green, 71 NY2d 1006, 1008).
"The purpose of a Sirois hearing is to determine whether the defendant has procured a witness's absence or unavailability through his own misconduct, and thereby forfeited any hearsay or Confrontation Clause objections to admitting the witness's out-of-court statements" (People v McCune, 98 AD3d 631, 631 [citations and internal quotation marks omitted]; see People v Sirois, 92 AD2d 618). The People must "present legally sufficient evidence of circumstances and events from which a court may properly infer that the defendant, or those at defendant's direction or acting with defendant's knowing acquiescence, threatened the witness" (People v Dubarry, 25 NY3d 161, 177). "At a Sirois hearing, the People bear the burden of establishing, by clear and convincing evidence, that the defendant has procured the witness's absence or unavailability" (People v McCune, 98 AD3d at 632).
Here, the People established by clear and convincing evidence that the defendant procured a certain witness's unavailability despite the fact that the witness testified that she was not afraid of the defendant (see id.). The evidence established that the defendant was one source of threats that the witness and her family received in 2016 relating to her statement to the police in this [*2]case and that the witness was refusing to testify at the defendant's trial because she was afraid that doing so would bring more threats to her and her family. Thus, the People established by clear and convincing evidence that the defendant had procured the witness's unavailability as a witness through his threats to her and her family (see People v Dubarry, 25 NY3d at 177; People v McCune, 98 AD3d at 632). Accordingly, the Supreme Court properly admitted that witness's written statement and text messages into evidence at the trial.
However, the Supreme Court committed reversible error when it permitted the People to exercise peremptory challenges to prospective jurors after the defendant and his codefendant exercised peremptory challenges to that same panel of prospective jurors (see CPL 270.15[2]; People v Nieves, 26 AD3d 519, 520). This procedure violated "the one persistently protected and enunciated rule of jury selection—that the People make peremptory challenges first, and that they never be permitted to go back and challenge a juror accepted by the defense" (People v Alston, 88 NY2d 519, 529). Accordingly, a new trial is required.
In light of our determination, the defendant's remaining contention has been rendered academic.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court