People v King (2021 NY Slip Op 01996)





People v King


2021 NY Slip Op 01996


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-08053
 (Ind. No. 2516/13)

[*1]The People of the State of New York, respondent,
v
John King, appellant.


Joel B. Rudin, New York, NY (Jacob Loup of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered July 6, 2016, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
On June 10, 2004, the police received a call on the 911 emergency number reporting that the complainant, then 12 years old, had been raped. She was taken to Jamaica Hospital, where a doctor, who collected evidence for a rape kit, found no signs of trauma or injury. Then, while still in the hospital, the complainant recanted, telling the police that, inter alia, she had fabricated the story so as to not get into trouble. The case was closed on the same day that the complainant reported the rape. In 2013, the investigation was re-opened based on a new investigative lead, and the complainant agreed to cooperate with law enforcement. Thereafter, the defendant was charged with, among other things, first-degree statutory rape.
At trial, after the complainant testified during cross-examination that she had suffered from and been treated for depression and bipolar disorder, the Supreme Court interviewed the complainant in camera, without the defendant present, to determine if her psychiatric history was material to the jury's assessment of her credibility. The court determined that the complainant's testimony with respect to her psychiatric history was irrelevant, struck her testimony on the subject, instructed the jury to disregard said testimony, and gave the defense counsel an exception. The defense counsel moved for a mistrial, which the court denied.
"Criminal defendants have a statutory and constitutional right to be present at all material stages of trial" (People v Spotford, 85 NY2d 593, 596; see US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20; Kentucky v Stincer, 482 US 730, 745; People v Turaine, 78 NY2d 871, 872). Even where a "defendant is not actually confronting witnesses or evidence against him [or her], he [or she] has a due process right 'to be present in his [or her] own person whenever his [or her] presence has a relation, reasonably substantial, to the fullness of his [or her] opportunity to defend against the charge'" (Kentucky v Stincer, 482 US at 745, quoting Snyder v Massachusetts, [*2]291 US 97, 105-106, overruled in part Malloy v Hogan, 378 US 2; see People v Dokes, 79 NY2d 656, 659). Further, "[p]roceedings where testimony is received are material stages of the trial because defendant's presence is necessary so that he or she may confront adverse witnesses and advise counsel of any inconsistencies, errors or falsehoods in their testimony" (People v Turaine, 78 NY2d at 872). However, where the defendant's presence would be "useless, or the benefit but a shadow" (Kentucky v Stincer, 482 US at 745 [internal quotation marks omitted]), due process does not require his or her presence. "Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his [or her] presence would contribute to the fairness of the procedure" (id.).
The right of an accused to confront the witnesses against him or her through cross-examination is a fundamental right of constitutional dimension (see US Const, 6th, 14th Amends; NY Const, art I, § 6; Davis v Alaska, 415 US 308, 315; Douglas v Alabama, 380 US 415, 418; Pointer v Texas, 380 US 400, 406-407; People v Kennedy, 177 AD3d 628, 631). The right of cross-examination is an essential safeguard of fact-finding accuracy and "the principal means by which the believability of a witness and the truth of his testimony are tested" (Davis v Alaska, 415 US at 316).
Where a primary prosecution witness is shown to suffer from a psychiatric condition, the defense is entitled to show that the witness's capacity to perceive and recall events was impaired by that condition (see People v Rensing, 14 NY2d 210; People v Baranek, 287 AD2d 74, 78; People v Knowell, 127 AD2d 794, 795; United States v Lindstrom, 698 F2d 1154 [11th Cir]).
In this case, the defendant's absence during the Supreme Court's in camera interview with the complainant to determine if her psychiatric history was relevant had a substantial effect on his ability to defend the charges against him, and thus, the interview constituted a material stage of the trial for which the defendant should have been present (see People v McCune, 98 AD3d 631). Where, as here, the "defendant was absent during a material part of his trial, harmless error analysis is not appropriate," and a new trial is required (People v Mehmedi, 69 NY2d 759, 760; see People v Crimmins, 36 NY2d 230, 238; People v McCune, 98 AD3d at 633; People v Chichester, 197 AD2d 699, 700; People v Boyd, 166 AD2d 659). Moreover, while the scope of cross-examination generally rests within the trial court's discretion (see Martin v Alabama 84 Truck Rental, 47 NY2d 721; People v Schwartzman, 24 NY2d 241; People v Roussopoulos, 261 AD2d 559), here, the court improvidently exercised its discretion in striking the complainant's testimony adduced during cross-examination with respect to her psychiatric history.
Further, the Supreme Court erred in allowing the People to introduce into evidence a statement the defendant made to law enforcement on the ground that the People failed to provide notice of that statement in accordance with CPL 710.30 (see People v Lopez, 84 NY2d 425, 428). Preclusion of the statement was required, without regard to whether the defendant was prejudiced by the lack of notice (see id. at 428). Moreover, the court erred in admitting the statement into evidence and allowing the People to use it, pursuant to People v Molineux (168 NY 264), to show intent, motive, or lack of mistake. As the only charge before the jury was statutory rape, the defendant's intent, motive, or lack of mistake were not at issue in this case.
However, contrary to the defendant's contention, his right to confrontation (see US Const Sixth Amend) was not violated by the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. The criminalist's testimony as to her review and analysis of the case files indicated that she independently analyzed the raw data, reviewed the tests, and arrived at her own conclusions (see People v Tsintzelis, 35 NY3d 925, 926; People v John, 27 NY3d 294, 315; People v Lebron, 171 AD3d 1092, 1093; People v Pascall, 164 AD3d 1265, 1266). Thus the criminalist was not functioning merely as "a conduit for the conclusions of others" (People v Austin, 30 NY3d 98, 105 [internal quotation marks omitted]; see People v Kinard, 187 AD3d 936). Moreover, she compared a DNA profile from a buccal swab with the DNA profile generated from evidence in the rape kit and concluded there was a match (see People v Kinard, 187 AD3d 936).
Additionally, the Supreme Court's determination permitting the criminalist to testify regarding her opinion that there was a single semen donor in this case was a provident exercise of discretion, as the testimony was based on her expertise and independent analysis of the evidence, and would be helpful to the jurors (see generally People v Taylor, 75 NY2d 277, 288).
In light of the foregoing, we need not address the defendant's remaining contentions.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court