People v Burgess (2021 NY Slip Op 05580)





People v Burgess


2021 NY Slip Op 05580


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-08188 ON MOTION
 (Ind. No. 1568/16)

[*1]The People of the State of New York, respondent,
v
Jorge Burgess, appellant. DECISION & ORDER Motion by the People for leave to reargue an appeal from a judgment of the Supreme Court, Nassau County, rendered June 12, 2018, which was determined by decision and order of this Court dated March 31, 2021. Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is ORDERED that the motion is granted, and, upon reargument, the decision and order of this Court dated March 31, 2021 (People v Burgess, 192 AD3d 1136) in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor: Stacy Eves, Rockville Centre, NY, for appellant.

Joyce A. Smith, Acting District Attorney, Mineola, NY (Jason R. Richards and John B. Latella of counsel), for respondent.
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered June 12, 2018, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, count 1 of the indictment, charging the defendant with murder in the second degree (Penal Law § 125.25[1]), is dismissed, with leave to the People to re-present any appropriate charges to another grand jury (see People v Gonzalez, 61 NY2d 633, 635), and a new trial is ordered on the counts of the indictment charging the defendant with criminal possession of a weapon in the second degree.
"The purpose of a Sirois hearing is to determine whether the defendant has procured a witness's absence or unavailability through his own misconduct, and thereby forfeited any hearsay or Confrontation Clause objections to admitting the witness's out-of-court statements" (People v McCune, 98 AD3d 631, 631 [citations and internal quotation marks omitted]; see People v Sirois, 92 AD2d 618). The People must "present legally sufficient evidence of circumstances and events from which a court may properly infer that the defendant, or those at defendant's direction or acting with defendant's knowing acquiescence, threatened the witness" (People v Dubarry, 25 NY3d 161, 177). "At a Sirois hearing, the People bear the burden of establishing, by clear and convincing evidence, that the defendant has procured the witness's absence or unavailability" (People v [*2]McCune, 98 AD3d at 632).
Here, the People failed to establish by clear and convincing evidence that the defendant was responsible for procuring a certain witness's refusal to testify at trial (see id.). Specifically, the People's evidence did not establish that the defendant controlled the individuals who threatened the witness or that the defendant influenced or persuaded any individual to threaten the witness or his family (see People v Dubarry, 25 NY3d at 176). Accordingly, the Supreme Court should not have admitted into evidence that witness's out-of-court statement.
The Supreme Court committed reversible error when it permitted the People to exercise peremptory challenges to prospective jurors after the defendant and his codefendant exercised peremptory challenges to that same panel of prospective jurors (see CPL 270.15[2]; People v Nieves, 26 AD3d 519, 520). This procedure violated "the one persistently protected and enunciated rule of jury selection—that the People make peremptory challenges first, and that they never be permitted to go back and challenge a juror accepted by the defense" (People v Alston, 88 NY2d 519, 529).
Accordingly, we reverse the judgment of conviction. A new trial is required on the counts of the indictment charging the defendant with criminal possession of a weapon in the second degree. Moreover, since the defendant was convicted of manslaughter in the second degree as a lesser included offense of murder in the second degree, charged in count 1 of the indictment, we dismiss that count of the indictment, without prejudice to the People to re-present any appropriate charges to another grand jury (see People v Gonzalez, 61 NY2d 633, 635).
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court