People v Phillips (2022 NY Slip Op 01710)





People v Phillips


2022 NY Slip Op 01710


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1147 KA 16-01494

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEROME L. PHILLIPS, ALSO KNOWN AS "JERRY," ALSO KNOWN AS "BUMBA," DEFENDANT-APPELLANT. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered June 15, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that a new trial is warranted because he was denied his right to be present at a material stage of the trial (see People v Turaine, 78 NY2d 871, 872 [1991]). County Court precluded defendant from being present during a material witness hearing and permitted defense counsel to be only a non-participatory observer. At that hearing, the witness in question testified that she had been threatened by defendant, the codefendant, and others in an attempt to prevent her from testifying at trial. Although the court granted the People's application for a material witness order and set bail to ensure the witness's availability, the next day the People requested a Sirois hearing and sought a determination that the witness had been made constructively unavailable to testify at trial by threats attributable to defendant (see generally People v Geraci, 85 NY2d 359, 365-366 [1995]). The court granted the request for the hearing, which was held in defendant's presence. The People presented the testimony of an investigator and a victim witness advocate, but the witness herself did not testify. The court then determined, based on its own observations of the witness during her material witness hearing testimony, its review of the transcript of that hearing, and the additional witnesses presented by the People, that the witness was constructively unavailable to testify at trial and that her unavailability had been procured by defendant.
That was error. A defendant generally has no constitutional right to be present at a material witness hearing (see People v Brown, 195 AD2d 967, 967 [4th Dept 1993], lv denied 82 NY2d 804 [1993]); however, a "[d]efendant's absence from [a Sirois] hearing[] could have a substantial effect on his [or her] ability to defend" (Turaine, 78 NY2d at 872; see People v McCune, 98 AD3d 631, 632 [2d Dept 2012]). Here, although there is no dispute that the initial material witness hearing was not intended to address any Sirois or other evidentiary issues (see Brown, 195 AD2d at 967), the court erred in relying on the unchallenged testimony taken therein [*2]in making its Sirois determination (see McCune, 98 AD3d at 632). Indeed, the court effectively, and erroneously, incorporated the material witness hearing into the subsequent Sirois hearing by expressly relying on that testimony and on its own observations of the witness's demeanor in making its determination. We note that "[e]xpediency may not dictate procedural changes so as to take from a defendant the right to be present at the taking of testimony" (People v Anderson, 16 NY2d 282, 287 [1965]). Inasmuch as defendant was deprived of his ability to "confront [an] adverse witness[ ] and advise counsel of any inconsistencies, errors or falsehoods in [her] testimony" (Turaine, 78 NY2d at 872), we reverse the judgment and grant a new trial (see McCune, 98 AD3d at 633).
In light of our conclusion, defendant's remaining contentions are academic.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court