People v Washington (2022 NY Slip Op 22200)

People v Washington

2022 NY Slip Op 22200 [75 Misc 3d 60]

Accepted for Miscellaneous Reports Publication

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 31, 2022

[*1]

The People of the State of New York, Respondent,
v
Michael Washington, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, June 3, 2022

APPEARANCES OF COUNSEL

Legal Aid Society, New York City (Douglas W. Dunham and David Crow of counsel), for appellant.
Michael E. McMahon, District Attorney (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.

{**75 Misc 3d at 61} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant was convicted of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]).
At a jury trial, the complainant did not appear to testify. The Criminal Court violated defendant's right to confrontation (see Crawford v Washington, 541 US 36, 42 [2004]) by allowing the People to introduce into evidence the complainant's prior statements to the police and the statements she made on a domestic incident report.
Contrary to the finding of the Criminal Court following a Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]), we are of the opinion that the People failed to "demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused [the] witness's unavailability" (People v Cotto, 92 NY2d 68, 75-76 [1998]; see People v Bryant, 200 AD3d 1483 [2021]; People v Vargas, 154 AD3d 971 [2017]). Such constitutional error may not be deemed harmless unless the proof of defendant's guilt, without reference to the error, is overwhelming, and there is no reasonable possibility that the error might have contributed to defendant's conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]). Here, there was [*2]more than a reasonable possibility that the erroneous introduction of the complainant's out-of-court statements contributed to defendant's conviction, as the complainant's statements constituted the entire case against defendant.
As defendant has committed relatively minor offenses and has completed his sentence, we find little penological purpose to remitting the case for further proceedings (see People v Flynn,{**75 Misc 3d at 62}79 NY2d 879 [1992]; People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.

Aliotta, P.J. (dissenting and voting to affirm the judgment of conviction in the following memorandum). At a Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]), the People presented testimony from the police officer who had responded to the August 19, 2017 incident between defendant and the complainant. The officer testified that, at that time, the complainant told him that she had been choked by defendant and that she wanted to prosecute him. On the domestic incident report, the complainant wrote that she was "scared" of defendant and "[did] not wish to have any contact with him at all."
The People presented the recordings of approximately 96 phone calls that were made by defendant from the inmate phone at Rikers Island to the complainant between September 2, 2017, and October 5, 2017. On various calls, defendant told the complainant that her testimony was the only evidence against him, that the case would be dropped if the complainant simply did not appear in court, that the prosecution was lying to her and trying to manipulate her into testifying, that she did not have to comply with a subpoena, and that she should talk to his lawyer and the detective involved with the case. The existence of other possible factors for the complainant's refusal to cooperate (i.e., fear of incriminating herself, affection for defendant, an interest in keeping her family intact, and resentment towards the prosecution) made defendant's job of convincing the complainant not to testify that much easier, as he had built-in leverage. Indeed, defendant sought to take advantage of the complainant's pregnancy, expressing his hope that he would be present for their child's baby shower and birth and his belief that his "number one concern" was providing for his family.
Recordings of phone calls made by defendant to his mother were also admitted into evidence at the hearing. In these calls, defendant confirmed his influence over the complainant by stating that the complainant "knows what she's supposed to do," that he had explained the "whole situation to her," and that he was only in custody because of a false accusation. During one conversation, defendant's mother indicated that she had talked to the complainant on his behalf and told the{**75 Misc 3d at 63} complainant, "Don't go there and testify against my son, that's not gonna be right."
An Assistant District Attorney testified that, after defendant was arrested and began placing phone calls to the complainant, the complainant informed the witness that she wanted to "drop the charges," that she would not testify, and that she specifically would not testify as to what she had written in the domestic incident report. Finally, the People presented expert testimony from a licensed clinical social worker who explained how a victim of domestic [*3]violence can be manipulated into refusing to cooperate with prosecutors after making an initial complaint and how a sheer number of phone calls can be coercive.
This "clear and convincing evidence" (People v Cotto, 92 NY2d 68, 75-76 [1998]) presented by the People at the Sirois hearing demonstrated that defendant rendered the complainant effectively unavailable (see People v White, 4 AD3d 225 [2004]) and that her unavailability could only be explained by his unlawful influence (see People v Turner, 143 AD3d 566, 567 [2016]). Consequently, the Criminal Court properly permitted the People to introduce the complainant's prior statements to the police and the statements she made on a domestic incident report.
Defendant's remaining argument regarding expert testimony about domestic violence relationships lacks merit.
Accordingly, I vote to affirm the judgment of conviction.
Weston and Buggs, JJ., concur; Aliotta, P.J., dissents in a separate memorandum.