People v Nagle (2024 NY Slip Op 00329)

People v Nagle

2024 NY Slip Op 00329

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-08239
 (Ind. No. 41/20)

[*1]The People of the State of New York, respondent,
v
Ryan Nagle, appellant.

Mary Zugibe Raleigh, Pine Bush, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered October 18, 2021, as amended October 19, 2021, convicting him of sexual abuse in the first degree, forcible touching, and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is reversed, on the law, and the matter is remitted to the County Court, Orange County, for a new trial.
The defendant failed to preserve for appellate review his contention that the jury verdict finding him guilty of sexual abuse in the first degree and forcible touching and acquitting him of unlawful imprisonment in the second degree was repugnant, as the defendant failed to raise this contention before the formal discharge of the jury at trial (see People v Alfaro, 66 NY2d 985, 987; People v Moise, 220 AD3d 811; People v Williams, 211 AD3d 1055, 1057-1058). In any event, the defendant's contention is without merit. "'A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other'" (People v Williams, 211 AD3d at 1058, quoting People v Alman, 185 AD3d 714, 716). Here, the acquittal on the charge of unlawful imprisonment in the second degree was not repugnant to the convictions of sexual abuse in the first degree and forcible touching, as unlawful imprisonment in the second degree contains essential elements that sexual abuse in the first degree and forcible touching do not (see People v Williams, 211 AD3d at 1058; People v Shoshi, 177 AD3d 779, 779-780).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, under the circumstances of this case, the County Court erred in denying the defendant any access to the complainant's mental health records (see generally People v Baranek, 287 AD2d 74). Further, while the scope of cross-examination generally rests within the trial court's discretion (see Martin v Alabama 84 Truck Rental, 47 NY2d 721; People v Schwartzman, 24 NY2d 241; People v Roussopoulos, 261 AD2d 559), here, the court improvidently exercised its discretion in sustaining the People's objections to the cross-examination of the complainant with respect to her mental health, particularly since the People's case primarily rested upon the complainant's eyewitness testimony (see People v King, 192 AD3d 1140, 1141; People v Baranek, 287 AD2d 74). Moreover, these errors cannot be deemed harmless since the evidence of the defendant's guilt, without reference to the errors, was not overwhelming, and it cannot be said that there is no reasonable possibility that the jury would have acquitted the defendant had it not been for the errors (see People v Crimmins, 36 NY2d 230, 241-242).
Accordingly, we reverse the judgment, as amended, and remit the matter to the County Court, Orange County, for a new trial.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court