People v Steele (2024 NY Slip Op 01642)

People v Steele

2024 NY Slip Op 01642

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, AND GREENWOOD, JJ.

183 KA 21-01625

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY STEELE, DEFENDANT-APPELLANT. 

THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. MCHALE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered November 19, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count 1 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant was acquitted of the remaining count of the indictment. Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that crime is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that a new trial is warranted with respect to the criminal possession of a weapon count because he was denied his right to be present at a material stage of the trial (see People v Turaine, 78 NY2d 871, 872 [1991]; People v Phillips, 203 AD3d 1636, 1637 [4th Dept 2022]; People v McCune, 98 AD3d 631, 632 [2d Dept 2012]; see generally CPL 260.20). During the suppression hearing, allegations were made that defendant, or people acting at his behest, had threatened two witnesses to the underlying incident about testifying against defendant. The People, therefore, requested a Sirois hearing and sought a determination that the witnesses had been made constructively unavailable to testify at trial by threats attributable to defendant, allowing them to introduce at trial statements made by the witnesses that would otherwise constitute inadmissible hearsay (see generally People v Geraci, 85 NY2d 359, 365-366 [1995]; Matter of Holtzman v Hellenbrand, 92 AD2d 405, 415 [2d Dept 1983]).
County Court granted the People's request and precluded defendant and defense counsel from being present during the Sirois hearing, instead allowing them to participate only to the extent of submitting written questions for the court's consideration. Thus, the Sirois hearing was conducted with only the court, the People, and the witnesses present and was essentially an ex parte proceeding. The People presented testimony from both witnesses, and the court asked the witnesses some of the written questions submitted by defendant. After the hearing, the court determined that the People had met their burden of showing, by clear and convincing evidence, that the witnesses were constructively unavailable to testify at trial and that their unavailability had been procured by defendant. Thus, it permitted the People to introduce the witnesses's statements in evidence at trial.
The court erred in conducting the Sirois hearing without defendant or defense counsel present. "[A] defendant's absence at a Sirois hearing has a substantial effect on [their] ability to [*2]defend the charges against [them] and, thus, a Sirois hearing constitutes a material stage of the trial" (McCune, 98 AD3d at 632; see Phillips, 203 AD3d at 1637; People v Williams, 125 AD3d 697, 698 [2d Dept 2015]). A "[d]efendant [is] entitled to confront the witness[es] against [them] at [such a] hearing and also to be present so that [the defendant can] advise counsel of any errors or falsities in the witness[es]' testimony which could have an impact on guilt or innocence" (Turaine, 78 NY2d at 872; see Williams, 125 AD3d at 698; McCune, 98 AD3d at 632).
Here, as noted above, the court precluded defendant and defense counsel from being present at the Sirois hearing, and merely allowed defendant to submit written questions to the court that could be asked during the ex parte proceeding (cf. People v Babb, 226 AD2d 469, 470 [2d Dept 1996], lv denied 88 NY2d 876 [1996]). Courts have previously held that a defendant's right to be present during a material stage of trial was violated where they were not physically present during the Sirois hearing, even where the defendant was "permitted . . . to hear a live audio transmission of the proceeding" (Williams, 125 AD3d at 698). Under the circumstances here, it cannot be said that defendant's right to be present during the Sirois hearing was not violated. The ability to submit pre-written questions before the Sirois hearing commenced cannot be considered a valid substitute for a defendant's ability when present to confront the witnesses, and to provide assistance to defense counsel in real time and in response to the testimony elicited by the People during the proceeding.
To the extent that the People argue that defendant waived any challenge to his exclusion from the Sirois hearing (see generally People v Johnson, 93 NY2d 254, 259 [1999]; People v Spotford, 85 NY2d 593, 598-599 [1995]), we conclude that the record does not show, either expressly or implicitly, that defendant voluntarily and intentionally relinquished his known right to be present during the Sirois hearing (see People v Maull, 218 AD3d 1236, 1239 [4th Dept 2023]; People v Suttell, 109 AD2d 249, 252 [4th Dept 1985], lv denied 66 NY2d 767 [1985]; see generally Johnson v Zerbst, 304 US 458, 464 [1938]). The court never explained to defendant the nature of his right and, although defense counsel asked the court to make inquiries of the witnesses in camera, that request was made before the People formally requested a Sirois hearing and cannot be construed as an express or implicit waiver of defendant's right to be present during a proceeding that had yet to be either requested or granted. Moreover, defendant's submission of written questions for the court to consider at the Sirois hearing cannot be considered a waiver on this record inasmuch as the court expressly stated that it was noting defendant's objection to the procedure and would "preserve [defendant's] position."
Ultimately, by precluding defendant and defense counsel from being present at the Sirois hearing, the court improperly deprived defendant of any real ability to confront the adverse witnesses against him or to advise defense counsel of any inconsistencies, errors or falsities in their testimony (see Turaine, 78 NY2d at 872). Given the nature of the accusations against him, it cannot be said that defendant's presence at the hearing "would be useless, or the benefit but a shadow" (McCune, 98 AD3d at 632 [internal quotation marks omitted]; see Kentucky v Stincer, 482 US 730, 745 [1987]). Consequently, we reverse the judgment and grant a new trial on count 1 of the indictment (see Phillips, 203 AD3d at 1638).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court